THE KICK LAW FIRM, APC
Taras Kick (State Bar No. 143379)
(Taras@kicklawfirm.com)
201 Wilshire Boulevard
Santa Monica, California 90401
Telephone:   (310) 395-2988
Facsimile:   (310) 395-2088

Peter Winebrake, Esq.*
(pwinebrake@winebrakelaw.com)
R. Andrew Santillo, Esq.*
(asantillo@winebrakelaw.com)
Mark J. Gottesfeld, Esq.*
(mgottesfeld@winebrakelaw.com)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone:   (215) 884-2491
Facsimile:   (215) 884-2492

Jerry Martin, Esq.*
(jmartin@barrettjohnston.com)
David Garrison, Esq.*
(dgarrison@barrettjohnston.com)
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  (615) 244-2202
Facsimile:   (615) 252-3798

*pro hac vice admission anticipated

Attorneys for Plaintiff Cody Livingston
and the Putative Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY LIVINGSTON, individually, and on behalf of all others similarly situated, Plaintiff, vs. VXI GLOBAL SOLUTIONS, LLC, Defendants. | Case No. 2:16-cv-5453 **COMPLAINT** **CLASS ACTION** **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Cody Livingston ("Plaintiff"), on behalf of himself and similarly situated

employees, brings this class/collective action lawsuit against Defendant VXI Global Solutions, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and the Ohio doctrine of unjust enrichment.  Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his Ohio state law claims are asserted as a class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the OMFWSA, OPPA, and unjust enrichment claims is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Youngstown, Ohio.

5. Plaintiff is an employee covered by the FLSA, OMFWSA and OPPA.

6. Defendant is a corporate entity headquartered in Los Angeles, California.

7. Defendant is an employer covered by the FLSA, OMFWSA, and OPPA.

## FACTS

8. Defendant, according to its website, "is a leading provider of business process and information technology outsourcing services to its clients. VXI specializes in call center and BPO[1] services, software development, quality assurance testing, and infrastructure outsourcing with more than 23,000 employees worldwide."  In this capacity, it operates Call Centers in California, Ohio, Texas, Arizona, and Georgia.  One of these Call Centers is located in Youngstown, Ohio and is referred to herein as the

---

[1]  "Business Process Outsourcing"

Youngstown Call Center.

9. During the three-year period relevant to this lawsuit, Defendant has employed hundreds of individuals at its Call Centers located across the country who are paid on an hourly basis and whose duties include handling sales and customer service telephone calls on behalf of Defendant's customers.[2] These individuals hold various job titles and are referred to herein as "Phone Operators."

10. Plaintiff has been employed by Defendant at the Youngstown Call Center as a Phone Operator since approximately December 2015.

11. During a typical week, Plaintiff and other Phone Operators are scheduled to work at least 40 hours and receive payroll credit and compensation for at least 40 hours.

12. At the beginning of each shift, Plaintiff and other Phone Operators are required to arrive at his/her assigned work station, boot-up his/her assigned computer, access Defendant's computer system(s), and access the assigned customers' proprietary computer system(s), database(s), and programs.

13. It is impossible for Plaintiff and other Phone Operators to perform their job duties without having access to the computer systems, databases, and programs referenced in paragraph 12.

14. Depending on the customer, Phone Operators spend approximately 12-25 minutes completing the activities described in paragraph 12.

15 Defendant does not provide Plaintiff and other Phone Operators with any payroll credit or compensation for time spent performing the activities described in paragraph 12.

16. In addition to the time spent performing the activities described in paragraph 12, Defendant fails to credit and compensate Plaintiff and other Phone Operators for all hours worked during the course of their daily work shift. This practice is carried out by, *inter alia*, requiring that Phone Operators be "clocked-out" for time that is otherwise

---

[2] These customers include large companies such as, for example, Western Union.

compensable.

17. Because Plaintiff and other Phone Operators typically are scheduled to work at least 40 hours per week and receive payroll credit and compensation for at least 40 hours, the time spent performing the activities described in paragraphs 12-16 typically would qualify as overtime work if such time were paid by Defendant.

18. By failing to pay Plaintiff and other Phone Operators for overtime work associated with the activities described in paragraphs 12-16, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all Phone Operators (as defined in paragraph 9) who, during any workweek within the past three years.

20. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21. Plaintiff brings his OMFWSA claim pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of all Phone Operators (as defined in paragraph 9) who, during any workweek within the past three years, worked in Ohio.

22. Plaintiff brings his OPPA and unjust enrichment claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of all Phone Operators (as defined in paragraph 9) who, during any workweek within the past six years, worked in Ohio.

23. Class action treatment of Plaintiff's OMFWSA, OPPA and unjust enrichment claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

24. Federal Rule of Civil Procedure 23(a)(1) is satisfied because the Ohio class includes over 200 members, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is

impracticable.

25.    Federal Rule of Civil Procedure 23(a)(2) is satisfied because questions of law and fact are common to all Ohio class members.  This class action challenges Defendant's companywide timekeeping and compensation policies described in paragraphs 12-16 that have resulted in Plaintiff and the Ohio class not being properly paid for all of their time worked.  Whether these policies and practices violate Ohio law and result in the under payment of wages is a common question that is shared by Plaintiff and each member of the Ohio class.  Moreover, the legality of these policies and practices will be determined through the resolution of generally applicable legal principles to a common set of facts.

26.    Federal Rule of Civil Procedure 23(a)(3) is satisfied because Plaintiff is a member of the Ohio class because he worked as a Phone Operator in Ohio during the relevant statutory period.  Plaintiff's claims are typical of the claims of other Ohio class members because he, like the rest of the class, was not properly paid for all his hours worked as a result of Defendant's practices that are described in paragraphs 12-16.  Plaintiff does not have any interests that are antagonistic to or in conflict with the interests of other Ohio class members so that pursuit of Plaintiff's own interests will benefit the class as a whole.

27.    Federal Rule of Civil Procedure 23(a)(4) is satisfied because as the class representative, Plaintiff will fairly and adequately represent fellow class members and their interests because he is a member of the Ohio class and shares the common interest of recovering unpaid wages from Defendant based on the practices described in paragraphs 12-16.  The adequacy of representation requirement is also satisfied because Plaintiff has retained counsel with extensive experience representing workers asserting similar wage and hour claims on a class and collective basis which will enable them to effectively represent the Ohio class members' interests in this case.

28.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact concerning the legality of the

Defendant's compensation policies and practices described in paragraphs 12-16 predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Specifically, (a) the unpaid wages incurred by individual class members are relatively small compared to the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendant in order to vindicate their rights; (b) Plaintiff's counsel is not aware of any pending class actions in federal court on behalf of the Ohio class; (c) Defendant's corporate headquarters are located in the Central District of California making this a desirable forum to litigate this case; and (d) the class consists of a cohesive group of Defendant's Ohio employees challenging specific practices of Defendant that will prevent any manageability issues that cannot be overcome by the parties and the Court.

29. Plaintiff proposes that notice of this action be provided to the Ohio class pursuant to Federal Rule of Civil Procedure 23(c)(2) by first class mail and electronic mail because that is the best notice that is practical under the circumstances.

## COUNT I

### (Alleging FLSA Violations)

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  See 29 U.S.C. § 207(a)(1).

32. Defendant has violated the FLSA by failing to pay Plaintiff and the collective any compensation for overtime work attributable to the activities described in paragraphs 12-16.[3]

33. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the

---

[3] Plaintiff does not seek damages under the FLSA for weeks in which credited work hours *plus* work hours attributable to the activities described in paragraph 12-16 *equals* 40 or fewer hours.

FLSA.

## COUNT II

### (Alleging OMFWSA and OPPA Violations)

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The OMFWSA requires that employees receive "time and one-half" overtime premium compensation for hours worked over 40 per week.

36. The OPPA requires that Defendant pay Plaintiff and the Ohio class members all wages, including unpaid overtime, earned during a particular pay period within thirty (30) days of the end of that pay period.

37. Defendant has violated the OMFWSA by failing to pay Plaintiff and other Ohio class members any compensation for overtime work attributable to the activities described in paragraphs 12-16.

38. Defendant also failed to pay Ohio class members all wages, including overtime wages within thirty (30) days of performing the work.

39. These wages have been unpaid for more than thirty (30) days beyond their regularly scheduled payday.

40. In violating the OMFWSA and OPPA, Defendant has acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT III

### (Alleging Unjust Enrichment)

41. All previous paragraphs are incorporated as though fully set forth herein.

42. Defendant has received a monetary benefit from Plaintiff and the Ohio class by requiring them to perform work without receiving any compensation through the practices described in paragraphs 12-16 above.

43. By securing the work and efforts of Plaintiff and the Ohio class for hours worked both under and over 40 in a single workweek without compensation, Defendant knowingly received significant revenues and profits to its own benefit and to the direct detriment of Plaintiff and the Ohio class.

44. Defendant's acceptance and retention of such revenues and profits from work and efforts of Plaintiff and the Ohio class for hours worked both under and over 40 in a single workweek without receiving compensation is inequitable, unjust, and contrary to fundamental principles of justice, equity, and good conscience.

45. Under the doctrine of unjust enrichment, Plaintiff and the Ohio class are entitled to be paid wages (including overtime premium wages) for all hours worked both under and over 40 in a single workweek that were not credited by Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Prompt notice, pursuant to Federal Rule of Civil Procedure 23(c)(2), of this litigation to all members of the Ohio class;

D. Unpaid wages and prejudgment interest to the fullest extent permitted under federal and state law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

G. Such other and further relief as this Court deems just and proper.

Date: July 21, 2016         Respectfully submitted,


　　　/s/ Taras Kick_____
Taras Kick, Esq.
The Kick Law Firm, APC

Peter Winebrake, Esq.*
R. Andrew Santillo, Esq.*
Mark J. Gottesfeld, Esq.*
Winebrake & Santillo, LLC

Jerry Martin, Esq.*
David Garrison, Esq.*
Barrett Johnston Martin & Garrison, LLC

*pro hac vice admission anticipated

For Plaintiff Cody Livingston

9
CLASS ACTION COMPLAINT

# JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date: July 21, 2016                    Respectfully submitted,


　　　　　　　　　　　　　　　　　　___/s/ Taras Kick_____
　　　　　　　　　　　　　　　　　　Taras Kick, Esq.
　　　　　　　　　　　　　　　　　　The Kick Law Firm, APC

　　　　　　　　　　　　　　　　　　Peter Winebrake, Esq.*
　　　　　　　　　　　　　　　　　　R. Andrew Santillo, Esq.*
　　　　　　　　　　　　　　　　　　Mark J. Gottesfeld, Esq.*
　　　　　　　　　　　　　　　　　　Winebrake & Santillo, LLC


　　　　　　　　　　　　　　　　　　Jerry Martin, Esq.*
　　　　　　　　　　　　　　　　　　David Garrison, Esq.*
　　　　　　　　　　　　　　　　　　Barrett Johnston Martin & Garrison, LLC

　　　　　　　　　　　　　　　　　　*pro hac vice admission anticipated

　　　　　　　　　　　　　　　　　　For Plaintiff Cody Livingston